[842 NYS2d 463]

In the Matter of CHERYL FRANKEL (Admitted as CHERYL BARBARA GREENBAUM), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 11, 2007

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Antonia Cipollone* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition dated April 20, 2006, containing two charges of professional misconduct. After a preliminary conference and a mitigation hearing, the Special Referee sustained both charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the Court deems appropriate. The respondent neither cross-moved nor submitted any papers in response to the Grievance Committee's motion.

Charge one alleges that the respondent engaged in conduct which was prejudicial to the administration of justice by failing to reregister with Office of Court Administration (hereinafter OCA) as an attorney and counselor-at-law, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

Judiciary Law § 468-a (1) requires any attorney and counselor-at-law admitted to practice in this State to file a biennial registration statement with OCA and to pay a fee, except if they are exempt. Judiciary Law § 468-a (5) states that noncompliance with the provisions of that section shall constitute conduct prejudicial to the administration of justice. Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 has provisions similar to Judiciary Law § 468-a.

The respondent was required to file a biennial attorney registration statement and fee in or about January 1996 for the period 1996-1997. The respondent failed to file her biennial registration statement and any applicable fee for that period and all subsequent periods up to the date of the petition.

Charge two alleges that the respondent engaged in conduct that reflects adversely on her fitness to practice law by failing to cooperate with the lawful demands of the Grievance Committee, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

The Grievance Committee advised the respondent that she was the subject of a sua sponte complaint and directed her to comply with the attorney registration requirement and to provide proof of same. As of the date of the petition, she failed to do so.

Based on the respondent's testimony and the evidence adduced, the Special Referee properly sustained both charges of professional misconduct. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent offered in mitigation the allegedly unintentional nature of her noncompliance and her confusion with respect to her continuing legal education obligations. The respondent's sole disciplinary history consists of a conditional letter of admonition, dated October 1, 2003, emanating from this same underlying incident. In view of her expressed remorse, her cooperation with the Grievance Committee through the stipulation and hearing, and the fact that she eventually brought her attorney registration into compliance in May 2006, the respondent is publicly censured for her professional misconduct.

PRUDENTI, P.J., SCHMIDT, MASTRO, RIVERA and SPOLZINO, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent is publicly censured for professional misconduct.